# LAW OFFICE OF
# AUSTIN B. JOHNS, LLC

50 RUSS STREET
FIRST FLOOR
HARTFORD, CONN. 06106

T. (860) 785-6225
F. (860) 785-6733
AUSTIN@ABJOHNSLAW.COM

April 21, 2026

*Via Electronic Case Filing:*

U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Attn: Clerk's Office

> **Re:** ***Waters v. Kory*, 25-76 and 25-524**

Dear Sir or Madam,

The appellee/cross-appellant, Edward Waters, Jr., Administrator of the Estate of Edward James Waters, responds to the defendant's April 10, 2026 FRAP 28(j) letter, No. 44-1, as follows.

*Waggoner v. Anonymous Health System, Inc.*, 274 N.E.3d 1245, slip op. No. 24A-CT-649 (Ind. March 4, 2026), is a nonbinding decision from the State of Indiana. That case involved a patient who developed a large and deadly bedsore after being "medically immobilized and placed on a ventilator as part of his COVID-19 treatment." *Id*. at *2. His Estate sued over 80 medical providers. *Id.* The Indiana Court focused on Indiana's Medical Malpractice Act and Healthcare Immunity Act, finding state law immunity to apply, while looking past the facts that the patient did not have COVID-19 when the providers failed to treat his bedsore, and that the state disaster emergency expired before his death. *Id*. at *5-10. The Court bluntly traced the patient's death back to COVID-19 in the first instance. It made short shrift of tying in immunity under the PREP Act as well.

*Waggoner* is directly at odds with *Solomon v. St. Joseph Hosp.*, 62 F.4th 54 (2d Cir. 2023), which also dealt with a patient who could not be rotated due to a ventilator, and developed bedsores. The District Court rejected the defendant's argument that bedsores were "inextricably intertwined with the use of a covered countermeasure," and found they were "a common type of hospital-acquired injury." *Id*. at 58-59. This Circuit Court rejected the case entirely for lack of jurisdiction and PREP Act preemption. *Id*. at 57-58.

*Waggoner* is also inconsistent with the more persuasive authority of *Mills v. Hartford Healthcare Corp.*, 347 Conn. 524, 574-75 (2023).

Unlike the Indiana Court, this Circuit Court should not grant a provider immunity just because independently negligent acts occurred alongside COVID-19 treatment—which is precisely the outcome sought by the defendant here.

Respectfully Submitted,

PLAINTIFF-APPELLEE/CROSS-APPELLANT
EDWARD WATERS, JR.,
ADMINISTRATOR OF THE ESTATE OF
EDWARD JAMES WATERS

By:    /s/ Austin Berescik-Johns    .
Austin Berescik-Johns
Law Office of Austin B. Johns, LLC
50 Russ Street
Hartford, CT 06106
Tel. (860) 785-6225
Fax (860) 785-6733
Email austin@abjohnslaw.com